## THE PEOPLE *ex rel.* THE ATTORNEY GENERAL *v.* PHŒNIX.

Strictly speaking, there can be no *vacancy* in the office of sheriff, caused by the death, removal or resignation of the incumbent; for upon the happening of such an event the coroner, by operation of law, becomes sheriff.

The coroner only holds the office of sheriff *ex officio*, until the appointment of a new sheriff by the board of supervisors.

A general statute, controlled in some of its provisions by a subsequent special statute, is revived by the amendment of the latter, intended to give effect to the former; and though the first statute gave jurisdiction to a Court which could not constitutionally exercise it, the Act becomes effectual by an amendment, passed still later, transferring the jurisdiction to the proper body.

APPEAL from the District Court of the Fifth Judicial District, County of Amador.

This was an information in the nature of a *quo warranto*, against defendant, Samuel A. Phœnix, for the usurpation of the office of sheriff of Amador county.

The record shows that one Wm. A. Phœnix was elected sheriff of that county in July, 1854, and continued to hold it until his death, on August 12th, 1855; that L. G. Lyon was then the coroner of the county, having been elected for the same term with Wm. A. Phœnix; and it is claimed, on the part of the people, that he is entitled to the office of sheriff by operation of law, on the death of the sheriff. On the 15th of August, 1855, the defendant was appointed sheriff by the board of supervisors, and qualified as such, and retained the office till the next general election, when a new sheriff was elected, who assumed the office September 15th, 1855.

The District Court entered judgment for the defendant, from which plaintiff appealed.

*Wm. T. Wallace, Attorney General,* for Appellant.

*Smith & Hardy* for Respondent.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice HEYDENFELDT and Mr. Justice TERRY concurred.

This was an information, in the nature of a *quo warranto*, filed by

the Attorney General against the defendant, for usurping the office of sheriff of Amador county.

The office had become vacant, and the question involved is, whether the coroner of the county succeeds, or the board of supervisors have power to appoint a successor. The solution of this question must turn entirely upon the construction of the various statutes on the subject.

The forty-seventh section of an Act entitled "An Act to supply vacancies in office," (passed April 28, 1851, page 247, Compiled Laws,) provides, "When any vacancy shall occur in the office of district attorney, county clerk, or any other county offices, except of the county judge, the Court of Sessions of the county shall appoint some suitable person to fill such vacancy until the next general election."

On the 29th April, 1851, by the fifty-fifth section of an Act concerning sheriffs, page 720 of the Compiled Laws, it was provided that, "in case of a vacancy in the office of sheriff, by death, resignation, or otherwise, the powers and duty of the sheriff shall devolve upon the coroner of the county, and shall be executed by him until a new sheriff shall be elected and qualified."

Were these the only provisions of law upon the subject, it would necessarily result that the Act of April 29, 1851, being subsequent in point of time to the Act of April 28th, and being special in its character, would control the general provisions of the latter Act. In that event the two acts would be construed *in pari materia,* and the consequent deduction must follow, that the Court of Sessions were authorized to supply all vacancies in the county offices, except in the office of county judge and sheriff, the latter of which must be filled by succession of the coroner. But the second section, first quoted, has been amended by the second section of an Act passed May 17, 1853, page 773, Compiled Laws, which provides that "the fifty-fifth section of an Act entitled an Act concerning Sheriffs, etc., is amended so as to read as follows:" In case of a vacancy in the office of sheriff, the powers and duty shall devolve upon the coroner of the county, and be executed by him until a new sheriff shall be *appointed* or elected, etc."

It will be observed that the only amendment or difference between this and the original section, is in the employment or interpolation of the word *appointed.* Before the passage of this Act, there was no power of appointment in the Court of Sessions, except in case of a vacancy in the office of coroner and sheriff both.

Strictly speaking, there could be no vacancy in the office by reason of the death, removal, or resignation, of the incumbent, for upon the happening of such an event, the coroner, by operation of law, became sheriff, and there was no interregnum or hiatus. This rule is not altered by the section last quoted, except so far as it relates to the duration of the coroner's term as sheriff; or, to speak more properly, the time for which the coroner is allowed or required to perform the duties of sheriff.

The last section is governed by the provisions of the forty-seventh section of the Act first quoted, which vests the power of appointment in

7

the Court of Sessions, and the use of this word so far alters the tenure or duration of the office, that the coroner can only discharge the duties until the Court of Sessions act upon the subject of the vacancy.

The Act of February 28, 1855, as well as the twentieth section of the Act of the 20th of March, 1855, "To create a Board of Supervisors in the various counties of this State," have no bearing on this question, further than to transfer this power of appointment from the Court of Sessions, a tribunal that could not constitutionally exercise the power, and confer it upon the Board of Supervisors.

Judgment affirmed, with costs.